******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# SANDRA E. CZUNAS *v.* RICHARD J. MANCINI
## (AC 45848)

Cradle, Seeley and Westbrook, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff had previously been dissolved, appealed to this court from the judgment of the trial court denying his motion to modify his child support obligation and ordering him to pay $10,000 to the plaintiff to defend against his appeal. Subsequent to the dissolution judgment, the parties had entered into several stipulated agreements that reduced the defendant's weekly child support obligation and expanded his parenting time with the parties' minor child. The defendant claimed, inter alia, that it was inequitable for him to continue paying child support in light of the parties' shared parenting plan. *Held*:

1. The defendant could not prevail on his claim that the trial court improperly found that there had been no substantial change in the parties' circumstances since the date of the previous child support order so as to warrant a modification of his child support obligation; there was no change in the custody of the child that would have required the redirection of child support to the defendant under the applicable statute (§ 46b-224), as the parties alternated weekends with the child and had enjoyed shared custody for several years, and the extension of the defendant's weekend parenting time from Sunday evening to Monday morning constituted a minimal change, extending his time with the child by little more than twelve hours every other week, including when the child was sleeping between Sunday evenings and Monday mornings.

2. The trial court did not abuse its discretion when it ordered the defendant to pay the plaintiff $10,000 for attorney's fees to defend against his appeal; the court's determination that the defendant had substantial liquid assets that the plaintiff did not have was supported by the parties' financial affidavits.

Argued February 8—officially released June 18, 2024

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Prestley, J.*; judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the court, *Abery-Wetstone, J.*, denied the defendant's motion to modify child support, and the defendant appealed to this court; subsequently,

the court, *Abery-Wetstone, J.,* granted the plaintiff's motion for attorney's fees, and the defendant filed an amended appeal; thereafter, this court dismissed the appeal in part. *Affirmed.*

*Kenneth J. McDonnell,* for the appellant (defendant).

*David P. Mester,* with whom was *P. Jo Anne Burgh,* for the appellee (plaintiff).

*Opinion*

CRADLE, J. In this postjudgment marital dissolution matter, the defendant, Richard J. Mancini, appeals from the judgment of the trial court denying his motion to modify child support and awarding attorney's fees to the plaintiff, Sandra E. Czunas, to defend against this appeal. The defendant claims that the court (1) improperly found that there had not been a substantial change in circumstances since the date of the entry of the prior child support order that warranted a modification of that order, and (2) the court abused its discretion in awarding the plaintiff attorney's fees in the amount of $10,000 to defend against this appeal. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's claims on appeal. The trial court, *Prestley, J.,* dissolved the parties' marriage on July 25, 2013, incorporating into the judgment of dissolution the parties' separation agreement, which provided, inter alia, that they would have joint legal custody of their minor child, his primary residence would be with the plaintiff and the defendant would have parenting time both during the week and on weekends.[1] The agreement also provided that the defendant would pay $265 per week in child support.

---

[1] Specifically, the dissolution judgment provided: "The [defendant] shall have the following parenting time with the minor child:

"(a) In weeks One, Two, Three and Four: [The defendant] shall have parenting time with [the minor child] every Tuesday from the pick up after work and overnight and return to [day care] . . . the following morning.

On December 13, 2016, the parties entered into a stipulation, which, inter alia, expanded the defendant's parenting time, providing that the child would be with the defendant every Tuesday and Wednesday night and alternating weekends from Friday night until Sunday evening.

On April 21, 2017, the defendant filed a motion to modify child support, alleging, inter alia: "There has been a substantial change in circumstances in that the defendant has suffered a significant reduction in his income, while the plaintiff's income has likely increased significantly. In addition, the parties share physical custody of the minor child, and the plaintiff earns more than the defendant." On July 5, 2017, the parties entered into a court-approved written agreement, which, inter alia, modified the defendant's child support obligation to $200 per week in compliance with the child support guidelines.

On April 29, 2019, the defendant filed a motion to modify, seeking to have his weekends with the minor child extended to Monday mornings. On September 27, 2021, the parties entered into another stipulation so modifying the parties' parenting plan.[2]

"(b) In weeks Two and Four: [The defendant] shall pick up [the minor child] on Thursday after work and return him to the [plaintiff] at 7:30 p.m.

"(c) In weeks One and Three: [The defendant] shall pick up [the minor child] from [day care] on Friday after work and have [the minor child] overnight until Saturday at 6 p.m.

"(d) In weeks Two and Four: [The defendant] shall have time with [the minor child] on Sunday from 9 a.m. to 5 p.m.

"(e) When the child turns three and a half (3 1/2) the week Two and Four Thursday access shall become an overnight."

[2] The stipulation also provided that the minor child would begin therapy with Dr. Bruce Freedman and that the matter would be scheduled for a status conference during the week of November 22, 2021, "to review Dr. Freedman's recommendations relating to continued therapy, Sunday overnights, appointment of a [guardian ad litem] and/or other relevant recommendations." There has been some dispute between the parties as to whether the extension of the defendant's weekends to include Sunday overnights was temporary. That disagreement is irrelevant to the issues before us now.

On July 15, 2022, the defendant filed a motion to modify child support, alleging, inter alia: "There has been a substantial change in circumstances in that the financial circumstances of one or both parties have changed. Furthermore, the parties have a shared parenting plan, and it is unfair and inequitable for the defendant to continue paying child support to the plaintiff."

On September 13, 2022, the trial court, *Abery-Wetstone, J.*, held a hearing on the defendant's motion to modify child support.[3] At the hearing, the defendant did not address the claim in his motion that there had been "a substantial change in circumstances in that the financial circumstances of one or both parties have changed." Rather, counsel for the defendant clarified that he had "no additional evidence to present other than the shared physical custody arrangement and the . . . change in the [Sunday] overnight since 2017." On the basis of that change, the defendant requested that neither party be ordered to pay child support. The court found that the defendant failed to prove that there had been a substantial change in circumstances since the date of the last child support order and, therefore, denied the defendant's motion. On September 27, 2022, the defendant filed this appeal.

On October 21, 2022, the plaintiff filed a motion for counsel fees to defend against this appeal. On November 23, 2022, the court held a hearing on the plaintiff's motion. The court ordered the defendant to pay the

[3] On September 13, 2022, the court also heard the parties' outstanding motions concerning custody, visitation and the appointment of a guardian ad litem. Following the hearing, the court ordered, inter alia, that the defendant would continue to have Sunday overnight visits with the minor child pursuant to the September 27, 2021 stipulation, but that those visits would remain "temporary until further order of the court." The court also granted the plaintiff's motion for the appointment of a guardian ad litem. The defendant appealed from the court's order appointing a guardian ad litem, but this court, sua sponte, dismissed that portion of the defendant's appeal for lack of a final judgment.

plaintiff $10,000 for attorney's fees to defend against the appeal. On December 6, 2022, the defendant timely amended his appeal to include his challenge to the award of attorney's fees.

I

The defendant claims that the trial court improperly found that there had not been a substantial change in circumstances since the date of the entry of the prior child support order that warranted a modification of that order.[4] Specifically, the defendant claims that the "new and changed circumstances of shared physical custody"—the extension of his weekends with the minor child from Sunday evening to Monday morning— entitled him to a modification of his child support obligation. We disagree.

The following additional procedural history is relevant to this claim. As noted, at the hearing on the defendant's motion to modify, counsel for the defendant clarified that he had "no additional evidence to present other than the shared physical custody arrangement and the . . . change in the [Sunday] overnight since 2017." The defendant testified that the parenting plan was modified in 2021, extending his weekend parenting time to Monday mornings. He asked that "no child support [be]

---

[4] Since the date of the filing of this appeal, there was an incident that resulted in the suspension of the defendant's parenting time with the minor child. On the basis of that change and the fact that the parties no longer enjoyed a shared custody arrangement, which was the basis for the defendant's motion to modify child support, the plaintiff argues that the defendant's appeal is moot. As of the date of oral argument before this court, the defendant's parenting time had been reinstated, and he was enjoying the same time with the minor child that he had been prior to the 2021 extension of his weekends to Monday mornings. On March 22, 2024, the parties signed a stipulation that provided, inter alia, that the defendant's weekends with the minor child would be extended to Monday mornings upon the June, 2024 end of the school year. Because the circumstances that gave rise to the plaintiff's mootness claim have resolved, we need not address it.

paid from one party to the other . . . ." Following the defendant's very limited testimony, counsel for the defendant indicated that he had no further questions for the defendant.[5] At that time, the court told the defendant: "[O]ther than a shared parenting plan, I need another reason to deviate from the child support guidelines. You haven't established that." In response, counsel for the defendant asserted that, although the defendant's financial affidavit was "relatively the same as it was in 2017" there had been a change in the plaintiff's financial affidavit. The court explained: "The guidelines—both of your guidelines, show child support from father to mother at $205 and $203. That is not a significant change [from the $200 order]—it's . . . within the 15 percent. So, you need another reason, other than a shared parenting plan, to modify child support." The defendant indicated that "it was shared in 2017 . . . the difference . . . is it's been . . . since 2021 . . . they had . . . full shared [custody] . . . ." The court stated: "That, by itself, is not sufficient to deviate from the child support guidelines down to zero. I need another reason." Counsel for the defendant argued that "[t]he other reason would be the increase in the plaintiff's income since 2017." The court reiterated: "But the child support, based on their current incomes, has not changed from 2017. . . . So, we don't modify child support unless there's been a substantial change in the actual child support. It's got to be 15 percent or more. It's not. . . . Both parties' income has gone up a little bit [since 2017]. The plaintiff in 2017 was showing gross income of $1959. She's currently showing gross income of $2161. [The] defendant in 2017 was showing income of $1859. It's currently $2260. . . . The court needs another reason other than simply shared custody to

---

[5] Contrary to the representation by the defendant's appellate counsel at oral argument before this court, the trial court did not place any restrictions whatsoever on the defendant's ability to present evidence in support of his motion to modify.

deviate downwards." Counsel for the defendant indicated that he understood the court's ruling and that he had "no additional evidence to present other than the shared physical custody arrangement and the . . . change in the overnight since 2017."

"[General Statutes §] 46b-86 governs the modification or termination of an alimony or support order after the date of a dissolution judgment. When, as in this case, the disputed issue is alimony [or child support], the applicable provision of the statute is § 46b-86 (a), which provides that a final order for alimony [or child support] may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . Under that statutory provision, the party seeking the modification bears the burden of demonstrating that such a change has occurred. . . . To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. . . . A finding of a substantial change in circumstances [or the lack of a substantial change in circumstances] is subject to the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *De Almeida-Kennedy* v. *Kennedy*, 224 Conn. App. 19, 30–31, 312 A.3d 150 (2024).

While § 46b-86 (a) broadly encompasses all cases in which a change in a support order is contemplated,

General Statutes § 46b-224[6] addresses the distinct factual scenario of a change in custody and requires modification of a child support order from the moment a court transfers custody of minor children from a recipient of child support to a payor of child support. See *Coury* v. *Coury*, 161 Conn. App. 271, 297, 128 A.3d 517 (2015). "Modification . . . of a child support order upon a change of custody under § 46b-224 . . . comports with the default rule that child support follows the children . . . ."[7] (Internal quotation marks omitted.) Id., 299.

Thus, although a change in custody warrants a modification of child support, there was no change in custody of the minor child in this case that would have triggered § 46b-224.[8] In other words, there was no change in cus-

---

[6] General Statutes § 46b-224 provides in relevant part: "Whenever the . . . Superior Court, in a family relations matter, as defined in section 46b-1, orders a change or transfer of the guardianship or custody of a child who is the subject of a preexisting support order, and the court makes no finding with respect to such support order, such guardianship or custody order shall operate to: (1) Suspend the support order if guardianship or custody is transferred to the obligor under the support order; or (2) modify the payee of the support order to be the person or entity awarded guardianship or custody of the child by the court, if such person or entity is other than the obligor under the support order."

[7] We note that the defendant's motion to modify cited only § 46b-86 and did not mention § 46b-224. Similarly, the defendant failed to cite any legal authority in his principal appellate brief in support of his argument that a change in custody may be a basis for a modification of child support.

[8] The defendant argues that the trial court improperly held that a change in custody cannot support a modification of child support without a change in the parties' financial circumstances. We disagree with this characterization of the trial court's reasoning. Although the court made comments at the hearing on the defendant's motion that could be construed as expressing its belief that a change in custody, on its own, is insufficient to warrant a modification of child support, we afford a trial court every reasonable presumption in favor of the correctness of its decision and thus decline to construe the court's comments as a misapplication of the law. See *Leonova* v. *Leonov*, 201 Conn. App. 285, 334, 242 A.3d 713 (2020), cert. denied, 336 Conn. 906, 244 A.3d 146 (2021). Rather, we construe its remarks that it could not modify child support based on a shared parenting plan alone as a determination that it could not do so based on the minimal change in *this* case, without more. Moreover, the record appears to reflect that the court's inartful comments may have been in response to the defendant's request

tody that required child support to be redirected to a new custodial parent so that it followed the minor child. Although the defendant's parenting time on his weekends was extended from Sunday evening to Monday morning, the parties essentially have enjoyed shared custody of the minor child since 2016, as asserted by the defendant in his 2017 motion to modify child support.[9] Because the parties alternate weekends spent with the minor child, the extension of the defendant's weekends implicates only every other Sunday evening, extending his time with the minor child by little more than twelve hours every other week, including when the child is sleeping between Sunday evening and Monday morning. We cannot conclude that the court erred in holding that this minimal change, without more, did not constitute a substantial change in circumstances that warranted a modification of the child support order or a determination that there had been a change in custody.

## II

The defendant also claims that the court abused its discretion in ordering him to pay to the plaintiff $10,000 for attorney's fees to defend against this appeal. We disagree.

The following additional procedural history is relevant to our consideration of this claim. In the plaintiff's motion for attorney's fees to defend against this appeal, she alleged, inter alia, that, based on the parties' respective financial affidavits, the "defendant is in a significantly more enhanced financial position to pay attorney's fees to pursue the appeal." At the November 23,

---

that neither party pay child support based on their shared parenting plan, which would constitute a deviation from the child support guidelines.

[9] As noted herein, the defendant specifically alleged in his motion to modify that there had been a substantial change in circumstances in that the financial circumstances of the parties had changed. He then stated, as he did in his 2017 motion to modify, that the parties share physical custody of the minor child. He did not allege that there had been a change in custody or that any change in the parenting plan constituted a substantial change in circumstances.

2022 hearing, the court granted the plaintiff's motion and ordered the defendant to pay the plaintiff $10,000 to defend against this appeal, reasoning that the defendant "has substantial liquid assets that the plaintiff does not."

General Statutes § 46b-62 (a) supports an award of attorney's fees if, inter alia, the prospective recipient of a fee award lacks ample liquid assets to cover the cost of his or her own legal expenses. *Leonova* v. *Leonov*, 201 Conn. App. 285, 329, 242 A.3d 713 (2020), cert. denied, 336 Conn. 906, 244 A.3d 146 (2021). "A determination of what constitutes ample liquid funds . . . requires . . . an examination of the total assets of the parties at the time the award is made." (Internal quotation marks omitted.) *Olson* v. *Mohammadu*, 169 Conn. App. 243, 265, 149 A.3d 198, cert. denied, 324 Conn. 903, 151 A.3d 1289 (2016). "A trial court is not limited to awarding fees for proceedings at the trial level. Connecticut courts have permitted postjudgment awards of attorney's fees to defend an appeal." *Leonova* v. *Leonov*, supra, 327. "Whether to allow counsel fees, [under § 46b-62 (a)], and if so in what amount, calls for the exercise of judicial discretion. . . . An abuse of discretion in granting counsel fees will be found only if [an appellate court] determines that the trial court could not reasonably have concluded as it did." (Internal quotation marks omitted.) Id.

Here, the court based its award of attorney's fees on its determination that the defendant had substantial liquid assets that the plaintiff did not have. That determination is supported by the parties' financial affidavits, which reflect that the plaintiff had only $500 in a checking account and no other liquid assets, whereas the defendant had $160,000 in checking accounts. We therefore conclude that the court did not abuse its discretion in awarding $10,000 to the plaintiff to defend against this appeal.

The judgment is affirmed.

In this opinion the other judges concurred.